1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT
9            SOUTHERN DISTRICT OF CALIFORNIA
10
11  BRIAN TALLMAN,                              Case No.:  21cv1214-L-WVG

12                              Plaintiff,
                                                **ORDER: GRANTING MOTION TO**
13  v.                                          **REMAND [ECF NO. 7];**
                                                **DENYING MOTION TO DISMISS**
14  FCA US LLC; CARL BURGER DODGE               **AS MOOT [ECF NO. 6] AND**
    CHRYSLER JEEP RAM; DOES 1 to 50;            **DENYING MOTION TO DISMISS**
15                                              **AND STRIKE [ECF NO. 14]**
                             Defendants.
16

17        Pending before the Court is a Motion to Remand filed by Plaintiff Brian Tallman

18  ("Tallman"), and two Motions to Dismiss filed by Defendant FCA US LLC.  [ECF Nos.

19  6, 12.].   The Court decides the matter on the papers submitted and without oral

20  argument. See Civ. L. R. 7.1(d)(1). For the reasons stated below, the Court grants the

21  Motion to Remand, denies the Motions to Dismiss.

22        I.     FACTUAL AND PROCEDURAL BACKGROUND

23     On February 4, 2020, Plaintiff purchased a 2019 Ram 1500 (hereafter Vehicle") which

24  was manufactured, distributed, or sold by Defendant. The total consideration which

25  Plaintiff paid or agreed to pay, including taxes, license, and finance charges is

26  $43,554.21.

27     In connection with the purchase, Plaintiff received an express written warranty in

28  which Defendant undertook to preserve or maintain the utility or performance of the

1

1  Vehicle or to provide compensation if there was a failure in utility or performance for a

2  specified period of time. The warranty provided, in relevant part, that in the event a

3  defect developed with the Vehicle during the warranty period, Plaintiff could deliver the

4  Vehicle for repair services to Defendant's representative and the Vehicle would be

5  repaired.  During the warranty period, the Vehicle contained or developed various

6  defects, including, but not limited, to defects which cause the heater to not effectively

7  warm the vehicle.

8      Plaintiff's agreement to purchase the Vehicle was memorialized in a written document

9  which provides, among other things, that "ANY HOLDER OF THIS CONSUMER

10  CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH

11  THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR

12  SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS

13  HEREOF." Defendants DOES 10 through 19 are or, at one time, were holders of the

14  contract and are thus subject to all claims and defenses which Plaintiff could assert

15  against the seller. Plaintiff has rejected and/or justifiably revoked acceptance of the

16  Vehicle, and has exercised a right to cancel the sale.

17      On May 28, 2021, Plaintiff filed a Complaint in the Superior Court of California,

18  County of San Diego, alleging seven causes of action against Defendant FCA US LLC:

19  1) Breach of Implied Warranty of Merchantability, Cal. Civ. Code §1794; 2) Breach of

20  Implied Warranty of Fitness, Cal. Civ. Code §1794; 3) Breach of Express Warranty, Cal.

21  Civ. Code §1794; 4) Failure to Promptly Repurchase Product, Cal. Civ. Code §1793.2(d);

22  5) Failure to Commence Repairs within a Reasonable Time and to Complete them within

23  30 Days, Cal. Civ. Code §1794; 6) Advertising Defective Merchandise without

24  Disclosing Defects, Bus & Prof. Code §17531; §17353; and 7) Conversion. The first five

25  causes of action are statutory claims pursuant to California's Lemon law (the Song-

26  Beverly Consumer Warranty Action, Cal. Civ. Code §§1790 et. seq.). The Complaint

27  seeks damages, civil penalties, attorneys' fees, and punitive damages against Defendant.

28  Specifically, Plaintiff seeks damages in the amount of at least $43,554.21, restitution in

21cv1214-L-WVG

1   the amount of at least $43,554.21, Plaintiff seeks a civil penalty in the amount of at least

2   $87,108.42, punitive damages, consequential and incidental damages, and costs of the

3   suit.

4        On July 2, 2021, Defendant removed the action to this Court on the basis of

5   diversity jurisdiction pursuant to 28 U.S.C §§ 1332 and 1441(b) asserting that Plaintiff is

6   a citizen of California and Defendant is a citizen of another state with its principal place

7   of business in Michigan.  (Notice of Removal at 3-4 [ECF No. 1.])

8        On July 15, 2021, Plaintiff filed a First Amended Complaint ("FAC") adding Carl

9   Burger Dodge Chrysler Jeep Ram ("Carl Burger") as a defendant.  On July 29, 2021,

10  Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)

11  and a Motion to Strike claim for Punitive Damages pursuant to Federal Rule of Civil

12  Procedure 12(f).  (MTD [ECF No. 6.])  On August 4, 2021, Plaintiff filed a Motion to

13  Remand to State Court. (Mot. Remand [ECF No. 7.] On August 13, 2021, Plaintiff filed a

14  Response in Opposition to the Motion to Dismiss.  (Oppo. MTD [ECF No. 8.])  On

15  August 30, 2021, Defendant filed a Response in Opposition to the Motion to Remand.

16  (Oppo. Mot. Remand [ECF No. 9.])  On September 3, 2021, Plaintiff filed a Reply in

17  response to Defendant's Opposition to the Motion to Remand.  (Reply Mot. Remand

18  [ECF No. 10.])

19      On November 3, 2021, Defendant filed a second, duplicative Motion to Dismiss and

20  Motion to Strike.  (MTD [ECF No. 12.]) On November 22, 2021, Plaintiff filed a

21  Response in Opposition to the Motion to Dismiss. (Oppo. [ECF No. 13.]) On November

22  29, 2021, Defendant filed a Reply to the Response in Opposition. (Reply [ECF No. 14.])

23      II.    MOTION TO REMAND

24       "A motion to remand the case on the basis of any defect other than lack of subject

25  matter jurisdiction must be made within 30 days after the filing of the notice of removal

26  under section 1446(a). If at any time before final judgment it appears that the district

27  court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. §1447(c).

28

1  Upon a motion to remand to state court, the party asserting federal jurisdiction has the

2  burden of proof. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988).

3  Complete diversity must exist as of the time the complaint is filed and removal is

4  effected.  *Strotek Corp. v. Air transport Ass'n. of America*, 300 F.3d 1129, 1131 (9th Cir.

5  2002); *See Morongo Band of Mission Indians v. California State Bd. Of Equalization*,

6  858 F.2d 1376, 1380 (9th Cir.1988) (diversity is determined by citizenship of parties as

7  of filing of the original complaint); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690

8  (9th Cir.1998) (diversity must exist when action is removed). Diversity jurisdiction

9  requires complete diversity, meaning that no plaintiff can be from the same state any

10  defendant. *Abrego v. The Dow Chem. Co*., 443 F.3d 676, 679 (9th Cir. 2006).

11      III.    DISCUSSION

12          Plaintiff claims that Defendant has not met its burden to demonstrate removal was

13  effectuated within 30 days of the service of the Complaint because it has not submitted

14  any evidence showing the date Defendant was served with the Complaint.  (Reply at 5

15  [ECF No. 10.])  In addition, Plaintiff argues that Defendant has not met its burden to

16  submit evidence proving the citizenship of any of the parties as of the date the action was

17  filed and the date the action was removed to this Court, therefore, the Motion to Remand

18  should be granted. (Reply at 5 [ECF No. 10.])

19          Contrary to Plaintiff's assertion, Defendant filed the Notice of Removal within 30

20  days of its receipt of the summons and Complaint. "Each defendant shall have 30 days

21  after receipt by or service on that defendant of the initial pleading or summons described

22  in paragraph (1) to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B).  Defendant

23  FCA was served with the Complaint on June 2, 2021, according to FCA US LLC's

24  attorney Erin Hanson. (Notice Removal Hanson Dec. at P 2 [ECF No. 1.]) The Notice of

25  Removal was filed on July 2, 2021, making it timely.

26          Additionally, Defendant has filed admissible evidence regarding the domiciles of

27  the parties. Defendant's attorney James Sheridan filed a declaration stating that FCA US

28  LLC is a Delaware limited liability company owned by FCA North America Holdings

1  LLC, which is also a Delaware limited liability company.  (Notice of Removal, Sheridan

2  Dec. at P 2-3 [ECF No. 1-6.]) FCA North America Holdings LLC is owned by FCA

3  Holdco B.V., a company organized under the laws of the Netherlands. (*Id*. ¶ 4-5).  In

4  turn, FCA Holdco B.V. is owned by Stellantis N.V. (formerly known as Fiat Chrysler

5  Automobiles N.V.), a publicly traded company incorporated under the laws of the

6  Netherlands.  (*Id*. at ¶5).  Plaintiff is a resident of Jamul, California. (Notice Removal

7  Hanson Dec. at ¶ 4 [ECF No. 1.])  Therefore, at the time Defendant removed this action

8  to federal court, the parties were completely diverse for purposes of subject matter

9  jurisdiction. *See* U.S.C. § 1332(a)(2).

10      In the Motion to Remand, Plaintiff does not specifically claim that the addition of

11 Defendant Carl Burger Dodge Chrysler Jeep Ram ("Carl Burger"), located in La Mesa,

12 California, in the First Amended Complaint defeats diversity jurisdiction.  Instead, he

13 simply states that the Notice was untimely and Defendant has failed to meet its burden to

14 show removal is proper. (Mot. at 8; Reply at 5-6). However, Defendant argues that the

15 joinder of Carl Burger does not defeat diversity jurisdiction because it is a fraudulent

16 joinder and Carl Burger is a sham defendant. (Oppo. at 4-5).

17      A post-removal joinder of a diversity-destroying defendant is viewed with scrutiny.

18 Section 1447(e) provides that if "after removal the plaintiff seeks to join additional

19 defendants whose joinder would destroy subject matter jurisdiction, the court may deny

20 joinder, or permit joinder and remand the action to State court."  28 U.S.C. § 1447(e). "It

21 is a commonplace that fraudulently joined defendants will not defeat removal on diversity

22 grounds." *Ritchey*, 139 F.3d at 1318 (9th Cir. 1998). "[T]here is a "general presumption"

23 against fraudulent joinder." *Hamilton Materials, Inc. v. Dow Chem. Corp*., 494 F.3d

24 1203, 1206 (9th Cir. 2007). Fraudulent joinder can be established in two ways: "(1)

25 actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to

26 establish a cause of action against the non-diverse party in state court."  *Hunter v. Phillip

27 Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (internal quotation marks and citation

28 omitted). "If the plaintiff fails to state a cause of action against a resident defendant, and

5

21cv1214-L-WVG

1   the failure is obvious according to the settled rules of the state, the joinder of the resident

2   defendant is fraudulent." *Ritchey v. Upjohn Drug Co*., 139 F.3d 1313, 1318 (9th Cir.

3   1998); *Kruso v. Int'l Tel. & Tel. Corp*., 872 F.2d 1416, 1426 (9th Cir. 1989); *McCabe v.*

4   *General Foods Corp*., 811 F.2d 1336, 1339 (9th Cir. 1987).

5          A fraudulent joinder "must be proven by clear and convincing evidence." *Hamilton*

6   *Materials*, 494 F.3d at 1206. In fact, the party that invokes federal jurisdiction has a

7   "heavy burden" to show fraudulent joinder. *Hunter*, 582 F.3d at1046. The Ninth Circuit

8   has observed that "lower courts have been tasked with deciphering the doctrine's

9   boundaries" because it has not had occasion to revisit the doctrine with any frequency.

10  *Weeping Hollow Avenue Trust v. Spencer,* 831 F.3d 1110, 1113 (2016).

11         Courts consider the following factors when determining whether a party is

12  fraudulently joined:

13         (1) whether the party sought to be joined as needed for just adjudication and
           would be joined under Federal Rule of Civil Procedure 19(a); (2) whether
14         the statute of limitations would preclude an original action against the new
           defendants in state court; (3) whether there has been unexplained delay in
15         requesting joinder; (4) whether joinder is intended solely to defeat federal
           jurisdiction; (5) whether the claims against the new defendant appear valid;
16         and (6) whether denial of joinder will prejudice the plaintiff.
17
18

19  *McGrath v. Home Depot USA, Inc.,* 298 F.R.D. 601, 607 (Apr. 10, 2014)(citing *IBC*

20  *Aviation Services, Inc., v. Compania Mexicana de Aviacion,* S.A. De C.V. , 125 F. Supp

21  2d 1008, 1011 (N.D. Cal. 2000). Accordingly, Defendant bears the heavy burden to

22  demonstrate that Plaintiff "obviously failed to state a cause of action against [Carl

23  Burger]. *Weeping Hollow*, 831 F.3d at 1113.

24         Defendant argues that Carl Burger is not needed for just adjudication of the issues,

25  the joinder was made in bad faith, Plaintiff unreasonably delayed amending the

26  complaint, Plaintiff's negligence claims against Carl Burger are barred buy the economic

27
28

1    loss rule, and that denial of joinder will not prejudice Plaintiff, citing *McGrath*, 298

2    F.R.D. at 607 in support.  (Oppo. at 5-12).

3        The First Amended Complaint adds Defendant Carl Burger, and two additional

4    claims for relief: Claim 8 alleging negligence against Carl Burger for breach of duty to

5    adequately perform repairs and requesting monetary damages (FAC 43-46 [ECF No. 4]),

6    and Claim 9 alleging negligence under Civil Code section 1796.5 against Carl Burger.

7    (FAC 47-50).  Plaintiff claims that the cabin heater of the truck did not work properly,

8    and that the defects caused "the heater to not effectively warm the vehicle."  (FAC at ¶6).

9    In the eighth cause of action, Plaintiff alleges that "[o]n or about February, March and

10   April 2021, Plaintiff sought repairs from Defendant Dealer. However, Defendant Dealer

11   breached its duty to Plaintiff to perform those repairs in a good and workmanlike

12   manner."  (FAC at ¶ 45).  Similarly, in the ninth cause of action, he alleges violation of

13   California Civil Code section 1796.5: "[o]n or about February, March and April 2021,

14   Plaintiff sought repairs from Defendant Dealer. However, Defendant Dealer breached

15   their duty to Plaintiff to perform those services in a good and workmanlike manner."

16   (FAC at ¶49). He seeks damages for both causes of action.

17       The Court finds that Defendant has failed to satisfy its burden to prove Carl Burger

18   is a fraudulently added defendant. Carl Burger is necessary for the just adjudication of

19   this action. "Federal Rule of Civil Procedure 19 requires joinder of persons whose

20   absence would preclude the grant of complete relief, or whose absence would impede

21   their ability to protect their interests or would subject any of the parties to the danger of

22   inconsistent obligations." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999);

23   Fed. R. Civ. P. 19(a). The resolution of Plaintiff's negligence claims requires inclusion of

24   the car dealership that attempted to fix the defects in order to avoid "separate and

25   redundant actions," to the extent Plaintiff can plead sufficient causes of action against

26   Carl Burger. *See Sabag v. FCA US, LLC,* 2016 WL 6581154, at *4 (C.D. Cal. Nov. 7,

27   2016).  Moreover, there is no evidence that Plaintiff joined Carl Burger in bad faith, nor

28   that the amendment of the complaint was unreasonably delayed, as Defendant contends.

1   Denial of Plaintiff's Motion to Remand would cause prejudice to Plaintiff because he

2   would have to choose to abandon the claims against Carl Burger, or proceed with

3   litigation of the same legal issues and facts as in this case in state court.  *See Taylor v.*

4   *Honeywell*, 2010 WL 1881459, *4 (N.D. Cal. 2010).

5       The key inquiry in a fraudulent joinder analysis is whether there is any possibility

6   of recovery against the non-diverse defendant. *McCabe*, 811 F.2d at 1339. Defendant has

7   failed to show that the additional claims are barred under the economic loss rule. Under

8   California law, the economic loss rule precludes recovery for economic losses including

9   "damages for inadequate value, costs of repair and replacement of the defective product

10  or consequent loss of profits, without any claim of personal injury or damages to other

11  property." *Jimenez v. Superior Court,* (2002) 29 Cal.4th 473, 482. The rule "requires a

12  purchaser to recover in contract for purely economic loss due to disappointed

13  expectations, unless he can demonstrate harm above and beyond a broken contractual

14  promise." *Robinson Helicopte*r, 34 Cal.4th 979, 988 (2004). "[I]n actions arising from the

15  sale or purchase of a defective product, plaintiffs seeking economic losses must be able to

16  demonstrate that either physical damage to property (other than the defective product

17  itself) or personal injury accompanied such losses; if they cannot, then they would be

18  precluded from any tort recovery in strict liability or negligence." *North American*

19  *Chemical Co. v. Superior Court,* 59 Cal.App.4th 764, 780 (1997).

20      However, "the economic loss rule does not necessarily bar recovery in tort for

21  damage that a defective product (e.g., a window) causes to other portions of a larger

22  product (e.g., a house) into which the former has been incorporated." *Jimenez*, 29 Cal. 4th

23  at, 483. The *Jimenez* Court noted "that 'the concept of recoverable physical injury or

24  property damage' had over time 'expanded to include damage to one part of a product

25  caused by another, defective part.'" *Id*. at 483-84(citing *Aas v. Superior Court*, 24 Cal4th

26  627, 641 (2000).

27      Plaintiff has not alleged in the FAC that a physical injury occurred or that property

28  was damaged as a result of the defective heater, however, he states that "the first time that

1  the heater failed in my vehicle was when I was driving in Missouri with my family. . .  It

2  was snowy, it was below 10 degrees Fahrenheit, and I was very concerned for the safety

3  of my wife, my children, and myself." (Oppo. Motion to Dismiss, Brian Tallman

4  Declaration [ECF No. 8.])  In addition, it is unclear whether the defective heater also

5  caused damage to other components of the Vehicle.  Defendant has not shown that

6  Plaintiff cannot allege or produce evidence that he suffered damage sufficient to support

7  his negligence claims.[1] Because it is not obvious that Plaintiff cannot recover against Carl

8  Burger under any legal theory, Carl Burger is not a fraudulent defendant. *See McCabe,*

9  811 F.2d at 1339.  As a result, there is not complete diversity among the Parties and the

10  Court lacks jurisdiction under 28 U.S.C. § 1332. For these reasons, the Court grants

11  Plaintiff's Motion to Remand.

12       IV.    CONCLUSION AND ORDER

13       For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand [ECF

14  No. 7] and **DENIES** Defendant's Motions to Dismiss and Motion to Strike, [ECF No. 6,

15  14] as moot. "If at any time before final judgment it appears that the district court lacks

16  subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  This

17  action is therefore remanded to the Superior Court of the State of California, County of

18  San Diego.

19       **IT IS SO ORDERED.**

20  Dated:  March 29, 2022

21
22  Hon. M. James Lorenz
    United States District Judge
23
24
25
26
27  [1] In its Opposition, Defendant anticipated that Plaintiff would argue that his negligent repair claim could proceed under the narrow exception set forth in *Robinson Helicopter Co*, supra, however, Plaintiff did not advance this argument. Accordingly, the Court refrains from addressing the applicability of *Robinson* to Plaintiff's negligent repair claim.
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21cv1214-L-WVG